THE STATE OF OHIO, APPELLANT, v. BROWN, APPELLEE.

[Cite as *State v. Brown,* 99 Ohio St.3d 323, 2003-Ohio-3931.]

(No. 2002–0242—Submitted March 12, 2003—Decided August 6, 2003.)

ALICE ROBIE RESNICK, J.

{¶ 1} The parties do not dispute the underlying facts of this case. On April 10, 2001, Detective Gregory Gaier, while working undercover as a narcotics detective with the Dayton Police Department, was driving west in an unmarked car on Stewart Street when he noticed the defendant-appellee, Dali Jacques Brown, dressed in a bright yellow shirt, walking east on the sidewalk of Stewart Street. When Detective Gaier and appellee made eye contact, appellee began waving his arms, whistling, and yelling. Appellee then stepped three feet into the roadway, and Detective Gaier swerved to avoid hitting him. This incident occurred in an area where drug transactions were common, and based on Detective Gaier's years of experience as an officer, he believed that appellee was attempting to sell him narcotics.

{¶ 2} Detective Gaier continued past appellee and, by radio, requested uniformed officers to stop appellee for jaywalking and suspected drug trafficking. Officers Goodwill and Hall responded to Detective Gaier's request. When they arrived, both officers recognized appellee as the suspect by his bright yellow shirt. The officers saw appellee jaywalk, and Officer Hall called him over to the cruiser. As appellee approached the officers, Officer Hall got out of the car, grabbed appellee by the arm, and was about to pat him down for weapons when appellee attempted to break free and a tussle ensued, causing both appellee and

Officer Hall to fall to the ground. Officer Goodwill "jumped on top of both of them, primarily [appellee]" to help control the situation. The officers then arrested appellee for jaywalking. After the arrest, Officer Goodwill conducted a custodial search of appellee. During the search, the officer discovered crack cocaine. Appellee was subsequently charged with possession of a controlled substance.

{¶ 3} On April 17, 2001, appellee was indicted by the Montgomery County Grand Jury on one count of possession of crack cocaine, in violation of R.C. 2925.11(A). Subsequently, appellee filed a motion to suppress, arguing that his arrest for the minor misdemeanor offense of jaywalking violated the Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution and, therefore, the crack cocaine found in a search incident to his arrest must be suppressed pursuant to the exclusionary rule. The trial court concluded that the police violated state law by arresting appellee for jaywalking, a minor misdemeanor, and acknowledged that this court had previously held in *State v. Jones* (2000), 88 Ohio St.3d 430, 727 N.E.2d 886, that such an arrest is unconstitutional and thereby triggers the exclusionary rule. It nonetheless overruled the motion to suppress based on the more recently decided United States Supreme Court ruling in *Atwater v. Lago Vista* (2001), 532 U.S. 318, 121 S.Ct. 1536, 149 L.Ed.2d 549. In *Atwater*, the court held, "If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." Id. at 354, 121 S.Ct. 1536, 149 L.Ed.2d 549.

{¶ 4} Appellee asked the trial court to reconsider its decision in light of *State v. Jones* (2000), 88 Ohio St.3d 430, 727 N.E.2d 886, which held: "Absent one or more of the exceptions specified in R.C. 2935.26, a full custodial arrest for a minor misdemeanor offense violates the Fourth Amendment of the United States Constitution and Section 14, Article I of the Ohio Constitution, and evidence obtained incident to such an arrest is subject to suppression in accordance with the exclusionary rule."

{¶ 5} Upon reconsideration, however, the trial court reversed its earlier decision and sustained appellee's motion to suppress. The court was persuaded by appellee's argument that despite *Atwater*, *Jones* is controlling authority as to the Ohio Constitution until this court holds otherwise. The appellate court affirmed the lower court, reasoning: "While the State is correct that Ohio['s] state constitutional search and seizure jurisprudence generally tracks its federal counterpart and affords no greater protection than the federal jurisprudence * * * it is also clear that Ohio's state constitutional search and seizure jurispru-

dence need not track the federal jurisprudence so long as it affords no less protection than Fourth Amendment jurisprudence."

{¶ 6} The cause is now before this court on the allowance of a discretionary appeal.

{¶ 7} Today we are asked to decide whether an arrest for a minor misdemeanor violates the Fourth Amendment of the United States Constitution and Section 14, Article I of the Ohio Constitution in light of *Atwater*. We hold that Section 14, Article I of the Ohio Constitution provides greater protection than the Fourth Amendment to the United States Constitution against warrantless arrests for minor misdemeanors, and therefore, affirm the judgment of the court of appeals.

{¶ 8} In *Jones*, a case with facts virtually identical to those in the present case, Kenon Jones was arrested for jaywalking, and as a result of that arrest, officers discovered that he possessed crack cocaine. As in this case, the state conceded that the arrest violated R.C. 2935.26(A), which provides:

{¶ 9} "Notwithstanding any other provision of the Revised Code, when a law enforcement officer is otherwise authorized to arrest a person for the commission of a minor misdemeanor, the officer shall not arrest the person, but shall issue a citation, unless one of the following applies:

{¶ 10} "(1) The offender requires medical care or is unable to provide for his own safety.

{¶ 11} "(2) The offender cannot or will not offer satisfactory evidence of his identity.

{¶ 12} "(3) The offender refuses to sign the citation.

{¶ 13} "(4) The offender has previously been issued a citation for the commission of that misdemeanor and has failed to do one of the following:

{¶ 14} "(a) Appear at the time and place stated in the citation;

{¶ 15} "(b) Comply with division (C) of this section." (Division [C] provides means of pleading guilty and paying the fine without a court appearance.)

{¶ 16} Despite the unlawful arrest, the state argued that the evidence seized in a search incident to that arrest should not be suppressed because the exclusionary rule applies only to evidence seized as a result of a *constitutional* violation and the officers' violation of R.C. 2935.26(A) was merely a *statutory* violation. We rejected this argument, holding, "Absent one or more of the exceptions specified in R.C. 2935.26, a full custodial arrest for a minor misdemeanor offense violates the Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution, and evidence obtained incident to such an arrest is subject to suppression in accordance with the exclusionary rule." *Jones*, 88 Ohio St.3d 430, 727 N.E.2d 886, syllabus.

{¶ 17} We reached our holding in *Jones* by weighing the government's interests against the offender's interests:

{¶ 18} "[I]t is not necessary for an officer to arrest an offender for committing a minor misdemeanor offense unless he has reason to believe that the offender will not respond to the summons or pay the fine. R.C. 2935.26 protects an officer's interest, and the interest of the public, in making arrests in those situations by allowing officers to arrest the offenders that are least likely to respond or pay * * *. Thus, effective law enforcement is not impaired by refusing to allow officers to arrest individuals for minor misdemeanor offenses when none of the exceptions set forth in R.C. 2935.26 applies.

{¶ 19} "Clearly, the government's interests in making a full custodial arrest for a minor misdemeanor offense, absent any R.C. 2935.26 exceptions, are minimal and are outweighed by the serious intrusion upon a person's liberty and privacy that, necessarily, arises out of an arrest. Accordingly, we find that a full custodial arrest for a minor misdemeanor, when none of the exceptions set forth in R.C. 2935.26 exists, is an unreasonable seizure under the Fourth Amendment." Id. at 440, 727 N.E.2d 886.

{¶ 20} In *Atwater*, a police officer in Texas arrested Atwater for driving without her seat belt fastened and for failing to secure her two young children with seat belts. Texas law expressly authorized officers to arrest persons for violating the seat belt laws. Atwater and her husband subsequently filed a lawsuit under Section 1983, Title 42, U.S.Code against the officer and the city by which he was employed, alleging that they had violated Atwater's Fourth Amendment right to be free from unreasonable seizure. On appeal, the United States Supreme Court found the Atwaters' claims to be meritless, holding that the Fourth Amendment does not forbid a warrantless arrest for a minor criminal offense, such as a misdemeanor seat belt violation punishable only by a fine.

{¶ 21} Appellant contends that *Atwater* undermines our holding in *Jones*, particularly because in *Jones* we acknowledged our prior determination that the protections provided by Section 14, Article I of the Ohio Constitution are coextensive with those provided by the Fourth Amendment. We conclude that, to the extent that *Jones* relies on the Fourth Amendment to the United States Constitution, it is no longer authoritative regarding warrantless arrests for minor misdemeanors. The Ohio Constitution, however, "is a document of independent force. In the areas of individual rights and civil liberties, the United States Constitution, where applicable to the states, provides a floor below which state court decisions may not fall. As long as state courts provide at least as much protection as the United States Supreme Court has provided in its interpretation of the federal Bill of Rights, state courts are unrestricted in according greater civil liberties and protections to individuals and groups." *Arnold v. Cleveland*

(1993), 67 Ohio St.3d 35, 616 N.E.2d 163, paragraph one of the syllabus. See, also, *California v. Greenwood* (1988), 486 U.S. 35, 43, 108 S.Ct. 1625, 100 L.Ed.2d 30 ("Individual States may surely construe their own constitutions as imposing more stringent constraints on police conduct than does the Federal Constitution").

{¶ 22} We must now determine whether Section 14, Article I of the Ohio Constitution provides greater protection than the Fourth Amendment. In *State v. Robinette* (1997), 80 Ohio St.3d 234, 239, 685 N.E.2d 762, we stated that "we should harmonize our interpretation of Section 14, Article I of the Ohio Constitution with the Fourth Amendment, unless there are persuasive reasons to find otherwise." We find that the balancing test set forth in *Jones* provides ample reason for holding that Section 14, Article I of the Ohio Constitution provides greater protection than the Fourth Amendment to the United States Constitution against warrantless arrests for minor misdemeanors. Thus, *Jones* is still authoritative as to the Ohio Constitution.

{¶ 23} The Supreme Court of Montana similarly held that Montana's Constitution provides greater protection than that provided by the Fourth Amendment as interpreted by *Atwater*. *State v. Bauer* (2001), 307 Mont. 105, 36 P.3d 892. In that case, the court stated:

{¶ 24} "We hold that under Article II, Section 10 and Section 11, of the Montana Constitution, it is unreasonable for a police officer to effect an arrest and detention for a non-jailable offense when there are no circumstances to justify an immediate arrest. In the absence of special circumstances such as a concern for the safety of the offender or the public, a person stopped for a non-jailable offense such as * * * a seatbelt infraction should not be subjected to the indignity of an arrest and police station detention when a simple, non-intrusive notice to appear pursuant to § 46–6–310(1), MCA, will serve the interests of law enforcement." Id. at ¶ 33.

{¶ 25} Applying today's ruling to the case at bar, we affirm the judgment of the court of appeals. Brown was arrested for a minor misdemeanor offense when none of the R.C. 2935.26 exceptions were applicable, and thus, the arrest violated Section 14, Article I of the Ohio Constitution. Accordingly, the evidence seized in the search incident to that arrest must be suppressed.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER and KLINE, JJ., concur.

LUNDBERG STRATTON and O'CONNOR, JJ., dissent.

ROGER L. KLINE, J., of the Fourth Appellate District, sitting for COOK, J.

O'CONNOR, J., dissenting.

{¶ 26} I respectfully dissent. I do not think it necessary to reach the constitutional issue decided by the majority. The state argues that the arrest in this case was merely a statutory violation and not a constitutional violation, and thus the exclusionary rule does not apply and the evidence seized in the search incident to the unlawful arrest should not be suppressed. The majority rejects that argument, holding that an arrest for a minor misdemeanor that violates R.C. 2935.26 also violates the Ohio Constitution, thereby bringing the exclusionary rule into play. The majority's position is untenable. R.C. 2935.26 creates only a statutory right not to be arrested for a minor misdemeanor. This statutory right may be revoked at any time by the Ohio General Assembly's repealing the statute. Certainly the majority would not support the proposition that the General Assembly can revoke a constitutionally granted right. Indeed, the majority's opinion should serve as a cue to the General Assembly to repeal this statute in order to bring Ohio laws in line with the United States and Ohio Constitutions.

{¶ 27} This court has previously held that "[a]bsent a violation of a constitutional right, the violation of a statute does not invoke the exclusionary rule." *State v. Droste* (1998), 83 Ohio St.3d 36, 697 N.E.2d 620, syllabus. A violation of R.C. 2935.26 simply does not rise to the level of a constitutional violation. Consequently, the exclusionary rule should not be applied.

{¶ 28} The Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution are virtually identical.[1] Any difference in the protections afforded by them is due strictly to judicial interpretation. The United States Supreme Court, in *Atwater v. Lago Vista* (2001), 532 U.S. 318, 354, 121 S.Ct. 1536, 149 L.Ed.2d 549, held that an arrest does not violate the Fourth Amendment to the United States Constitution *if the "officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence."* (Emphasis added.) The United States Supreme Court's decision is not unreasonable, does not infringe upon the rights of citizens, and

---

1. {¶ a} The Fourth Amendment to the United States Constitution provides, "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

 {¶ b} Section 14, Article I of the Ohio Constitution provides, "The right of the people to be secure in their persons, houses, papers, and possessions, against unreasonable searches and seizures shall not be violated; and no warrant shall issue, but upon probable cause, supported by oath or affirmation, particularly describing the place to be searched, and the person and things to be seized."

does not result in anything greater than processing and releasing for further court proceedings those who in fact have not committed a more serious offense. *Atwater* provides a useful instrument for law enforcement officers to use in their discretion in carrying out their duties to protect the citizens of Ohio.

{¶ 29} The majority, however, has taken that tool away from law enforcement by interpreting the Ohio Constitution to prevent officers from exercising the same discretion permitted by the United States Constitution, despite the nearly indistinguishable constitutional provisions. The issue before us is one of law enforcement's discretion in exercising its power to arrest individuals under extenuating circumstances. The undisputed underlying facts of the case illustrate a situation where the officer, based on personal observation and the totality of the circumstances, had reason to believe that an offense greater than the minor misdemeanor of jaywalking was being committed.[2] The United States Constitution, as interpreted by *Atwater*, clearly permits such an arrest. It is illogical to suggest that the nearly identical Ohio constitutional provision would prohibit it.

{¶ 30} The Montana Supreme Court's opinion cited by the majority held that an arrest should not be made "[i]n the absence of special circumstances such as a concern for the safety of the offender or the public." *State v. Bauer* (2001), 307 Mont. 105, 36 P.3d 892, ¶ 33. Those special circumstances contemplated by the Montana court existed here and may exist in countless other situations faced by law enforcement officers. Such circumstances should be considered and the discretion of law enforcement officers respected. Finding a prohibition against arresting for a minor misdemeanor in the Ohio Constitution strips Ohio law enforcement officers of a necessary power.

{¶ 31} The majority opinion, quoting *State v. Jones* (2000), 88 Ohio St.3d 430, 440, 727 N.E.2d 886, states that " 'effective law enforcement is not impaired by refusing to allow officers to arrest individuals for minor misdemeanor offenses when none of the exceptions set forth in R.C. 2935.26 applies.' " In reaching its decision, the majority has, in effect, established policy for law enforcement and public safety, contrary to its constitutional authority.

{¶ 32} Therefore, I respectfully dissent.

LUNDBERG STRATTON, J., concurs in the foregoing dissenting opinion.

---

2. R.C. 2935.26 permits arrest if the offender has previously been issued a citation and failed to either appear at the time and place required in the citation or sign a guilty plea and pay the requisite fine. Because Brown attempted to run from the officers, it would have been impossible for them to make a satisfactory identification, much less determine any previous failure to appear or pay the fine.

330

Mathias H. Heck, Jr., Montgomery County Prosecuting Attorney, and Andrew T. French, Assistant Prosecuting Attorney, for appellant.

Arvin S. Miller, Montgomery County Assistant Public Defender, for appellee.

Jim Petro, Attorney General, David M. Gormley and Kristina L. Erlewine, Assistant Attorneys General, urging reversal for amicus curiae Ohio Attorney General.