JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App. R. 11.1(E) and Loc. R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct. R.Rep.Op. 3(A).
Defendant-appellant Samuel P. Bonner was arrested by Cincinnati police officers in a parking lot, following an investigatory stop that began when the officers were alerted to an outstanding arrest warrant associated with the car that he was driving. Bonner was ultimately charged with carrying a concealed weapon and having a weapon while under a disability. He moved to suppress evidence gained from the warrantless search of his person. After the trial court denied the motion, Bonner entered a no-contest plea. The trial court found him guilty of both offenses and imposed a five-year community-control sanction. In this appeal, Bonner now challenges the denial of his suppression motion, raising two assignments of error.
The state's evidence established that Cincinnati police officers, working with the Violent Crimes Unit on a drug operation, spotted a vehicle driven by Bonner as it entered the area where they were on assignment. A police dispatcher reported an open arrest warrant associated with the vehicle.[1] The officers approached the vehicle and observed Bonner in the driver's seat with an open alcoholic beverage resting in his lap. Bonner initially refused to produce identification. He attempted to close the open window of the car and made furtive movements "with his right hand in between the seat and the console." Fearing for their safety, the officers removed Bonner from the car, handcuffed him, and patted down the outside of his clothing. They found a loaded, 9 mm semi-automatic pistol in his waistband. Police dispatchers then informed the officers of an open warrant against Bonner for driving under suspension.
Review of a trial court's ruling on a motion to suppress entails a two-step inquiry. First, this court must review the trial court's findings of historical fact only for clear error, "giving due weight to inferences drawn from those facts" by the trial court. See Ornelas v. United States (1996), 517 U.S. 690,699, 116 S.Ct. 1657, 1663. Next, accepting those properly supported facts as true, we must independently determine as a matter of law, without deference to the trial court's conclusion, whether they meet the applicable legal standard. See id. In this case, the de novo determination about the warrantless investigatory stop is whether the officers' actions were justified at their inception, and whether they were reasonably related in scope to the circumstances that justified the interference in the first place. See Terry v. Ohio (1968),392 U.S. 1, 20, 88 S.Ct. 1868.
Here, the officers' actions, as determined by the trial court, were justified at each step of the investigation. The open warrant provided justification to stop the vehicle. Bonner's possession of an open alcoholic beverage and his furtive movements provided a reasonable, articulable suspicion that justified removing him from the vehicle and searching for weapons. See id. at 9-20, 88 S.Ct. 1868. As Bonner had an outstanding arrest warrant for driving under suspension and a prior felony conviction for drug abuse, making it illegal for him to carry a concealed weapon, the officers then had probable cause to arrest him for felony offenses. See R.C. 2923.13(A)(3); cf.State v. Brown, 99 Ohio St.3d 323, 2003 Ohio 3931,792 N.E.2d 175, syllabus (police may not make a full custodial arrest for the commission of minor misdemeanors). The assignments of error are overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App. R. 27. Costs shall be taxed under App. R. 24.
Hildebrandt, P.J., Gorman and Painter, JJ.
[1] During the stop, the officers learned that the arrest warrant associated with the vehicle was for the female owner, who had been sitting in the passenger seat of the car.