JUDGMENT ENTRY.
These consolidated appeals, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, are not controlling authority except as provided in S.Ct.R.Rep.Op. 3(G)(1).
Defendant-appellant Michael Willis appeals from his convictions for carrying a concealed weapon, in violation of R.C. 2923.12(A), and having a weapon while under a disability, in violation of R.C. 2923.13(A)(3), in the case numbered B-0309871, and for possession of cocaine, in violation of R.C. 2925.11(A), and carrying a concealed weapon, in violation of R.C. 2923.12(A), in the case numbered B-0304718. After the trial court overruled his motion to suppress the evidence seized as the result of an investigative stop by police, Willis entered a no-contest plea and was sentenced to serve concurrent eighteen-month prison terms.
In his two assignments of error, Willis contends that (1) the police lacked a reasonable, articulable suspicion to conduct an investigatory stop, and (2) evidence was unlawfully seized from his person pursuant to his full custodial arrest for a minor misdemeanor. Neither assignment of error has merit.
Hearing a radio dispatch concerning four black males, eighteen to twenty years old, getting in and out of a stolen pickup truck and then going into a nearby parked "yellowish beige Cadillac" in the Madisonville area, police officer Dawson, who was approximately two streets away, responded. When he arrived, he saw four black males of the ages described in the broadcast sitting in a parked yellowish-beige Cadillac. He pulled his cruiser in front of the Cadillac and waited for other officers to assist him.
When the other officers arrived, Willis, who was in the driver's seat, and the other occupants were told that the officers were investigating a report of a stolen vehicle. The officers ordered Willis and the occupants out of the Cadillac. As they exited, the officers saw a baggy of marijuana on the passenger seat. Officer Djenge confirmed that the pickup truck was stolen, and after the marijuana had been found, he searched the interior of the Cadillac. In the console between the front seats, he found a loaded nine-millimeter handgun. When Officer Djenge asked, "[W]hose gun is this?" Willis acknowledged it was his. He also told Djenge that the marijuana was his. Officer Cook searched Willis and Officer Torlop read him his Miranda rights.
Officer Cook transported Willis to the district station. Before putting him in the cruiser, she conducted a pat-down search. While en route to the station, she asked Willis if she had missed anything in her search. Willis replied that he had crack cocaine in his underwear. In the restroom at the station, Willis removed a bag of crack cocaine from his crotch area and gave it to police.
Willis argues that the state failed in its burden to show that Officer Dawson had a reasonable, articulable suspicion to detain Willis and his passengers and to conduct an investigatory stop. An investigatory traffic stop does not violate the Fourth Amendment if officers have reasonable suspicion that the person stopped is engaged in criminal activity. SeeMaumee v. Weisner, 87 Ohio St.3d 295, 299, 1999-Ohio-68, 720 N.E.2d 507. To justify an investigative stop, "the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." See Terry v. Ohio (1968), 392 U.S. 1, 21, 88 S.Ct. 1868. When evaluating the propriety of an investigatory stop by police, a court must consider the totality of the surrounding circumstances. See United States v.Cortez (1981), 449 U.S. 411, 417, 101 S.Ct. 690; see, also, State v. Bobo
(1988), 37 Ohio St.3d 177, 524 N.E.2d 489, paragraph one of the syllabus. Therefore, the court must consider the officer's experience and training and understand how a reasonable and prudent officer would have viewed the situation. See State v. Andrews (1991), 57 Ohio St.3d 86, 87-88,565 N.E.2d 1271.
We have held that a tip from a citizen informant reporting what he or she has just witnessed, when is relayed to officers by a police radio broadcast, is presumptively reliable, and that an investigatory stop is justified if the officers sufficiently corroborate the information. SeeState v. Ramey (1998), 129 Ohio App.3d 409, 416, 717 N.E.2d 1153; see, also, Maumee v. Weisner, 87 Ohio St.3d at 302, 720 N.E.2d 507.
Here, Officer Dawson received a police radio broadcast of criminal activity minutes away from where he was patrolling. Upon arriving at the scene, he personally verified the information provided by the broadcast. He saw four black males aged eighteen to twenty sitting in a yellowish-beige Cadillac parked sixty yards from the location of the stolen pickup truck. Based upon the totality of the circumstances, including the radio broadcast and his observations at the scene, Officer Dawson had a reasonable, articulable suspicion that Willis was engaged in criminal activity. See Maumee v. Weisner, 87 Ohio St.3d at 302,1999-Ohio-68, 720 N.E.2d 507. Any prudent officer would have acted as Officer Dawson did and briefly detained Willis to investigate the truck theft. See State v. Andrews, 57 Ohio St.3d at 87-88, 565 N.E.2d 1271.
Willis next argues that, after the initial detention by Officer Dawson, the police unlawfully arrested him for possession of marijuana in violation of the Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution, rather than citing him for a minor misdemeanor, as mandated by R.C. 2935.26. Police officers may briefly detain, but may not make a custodial arrest, or a search incident to that arrest, for a minor-misdemeanor offense when none of the R.C.2935.26 exceptions apply. See State v. Brown, 99 Ohio St.3d 323,2003-Ohio-3931, 792 N.E.2d 175, at ¶ 25; see, also, State v. Riggins,
1st Dist. No. C-030626, 2004-Ohio-4247, at ¶ 10. Since he did not fail to cooperate with the officers and ultimately was not charged with the truck theft that the officers were investigating, Willis contends that the officers illegally detained him beyond the scope of the investigation. Willis maintains that any evidence obtained following his warrantless arrest for possession of marijuana should have been suppressed pursuant to the exclusionary rule. See State v. Brown, at ¶ 7.
Willis's reliance on State v. Brown and similar cases where the defendant was arrested and searched after being stopped for the commission of a minor misdemeanor like jaywalking is misplaced. Here, the evidence established that the police detained Willis for the investigation of a truck theft, a crime punishable as a felony. The discovery of marijuana in plain view was incidental to the legitimate investigation and did not violate Willis's right to be free from unreasonable searches. See Horton v. California (1990), 496 U.S. 128, 133,110 S.Ct. 2301; see, also, State v. Sheppard (2001), 144 Ohio App.3d 135,141, 759 N.E.2d 823. The subsequent discovery of the handgun during a protective search of the Cadillac's interior was also reasonable. SeeMichigan v. Long (1983), 463 U.S. 1032, 1035, 103 S.Ct. 3469. The two assignments of error are overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Gorman, JJ.