The STATE of Ohio, Appellee,

v.

HUTH, Appellant.

[Cite as *State v. Huth*, 163 Ohio App.3d 102, 2005-Ohio-4303.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–040671.

Decided Aug. 19, 2005.

104

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Judith A. Lapp, Assistant Prosecuting Attorney, for appellee.

Julius F. Sanks, for appellant.

MARK P. PAINTER, Judge.

{¶ 1} Candace Huth, defendant-appellant, appeals the trial court's denial of her motion to suppress. She argues that the search of her vehicle, which uncovered a concealed, loaded handgun, was the fruit of an illegal seizure of her person, that her consent to the search was involuntary, and that the presence of a rifle in plain view in the passenger footwell of the vehicle did not provide sufficient legal justification for the search. We affirm.

## I. Driving Without a (Concealed–Weapon) License

{¶ 2} Late on a summer evening, Huth was observed driving 66 miles per hour in a 45–miles–per–hour zone. Officer Patrick Elizondo, who measured her speed using a radar gun, followed Huth and signaled for her to pull over to the side of the road.

{¶ 3} After Huth came to a stop, Officer Elizondo approached and asked Huth for her driver's license and insurance. Although she produced both items, the officer identified her behavior as suspicious. She was "panicky," "nervous," and "talking fast."

{¶ 4} While Officer Elizondo was filling out the traffic citation in his car, he observed Huth moving up and down in her vehicle in a way that suggested to him that she might be hiding something. At the same time, Officer Kevin Illing happened to drive by and pulled over to assist Elizondo. After Officer Elizondo finished filling out the ticket, he approached Huth's vehicle on the driver's side while Officer Illing approached on the passenger side, shining a flashlight into the vehicle.

{¶ 5} Officer Elizondo explained the citation to Huth and then asked her for consent to search her vehicle. Huth asked why he wanted to search the car, to which he replied, "If I have consent, it's easier." Huth gave consent.

{¶ 6} Meanwhile, less than a minute after approaching on the passenger side, Officer Illing observed a rifle in the passenger footwell.

{¶ 7} Huth was then asked to step out of her vehicle, and the officers began the search. Officer Elizondo immediately discovered a loaded handgun under the driver's seat. Huth was placed under arrest.

{¶ 8} Huth was subsequently charged with carrying a concealed weapon.[1] She moved to suppress the evidence found during the search of her vehicle. The trial court denied the motion. Huth then entered a plea of no contest, and the court

---

1. See R.C. 2923.12(A).

found her guilty of the charged offense. In her single assignment of error, Huth claims that the trial court erred when it denied her motion to suppress. Not so.

## II. A Rifle on the Floor Justifies a Search

{¶ 9} Appellate review of a motion to suppress involves a mixed question of law and fact.[2] When considering a motion to suppress, the trial court becomes the trier of fact and is in the best position to resolve factual questions and to evaluate the credibility of witnesses.[3] An appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence.[4] The appellate court must then determine, without any deference to the trial court, whether the facts satisfy the applicable legal standard.[5]

{¶ 10} At the suppression hearing, the state presented two independent justifications for the search of Huth's car. The state contended that the rifle had been in plain view and that Huth had consented to the search.

{¶ 11} Huth challenges both justifications in this appeal. She claims that the presence of a gun in plain view in the passenger compartment did not permit the warrantless search of her vehicle. Huth also argues that her consent was not voluntary and was given while she was illegally seized. Thus, it could not support the warrantless search of her car.

{¶ 12} For the reasons that follow, her arguments do not persuade this court that the trial court erroneously admitted evidence found during the search of Huth's car.

{¶ 13} The United States and Ohio Supreme Courts have recognized a limited exception to the warrant requirement when, while conducting a lawful stop of a vehicle, an officer has a reasonable suspicion of danger, supported by articulable facts.[6] When such a suspicion exists, the officer may conduct a weapons search of the vehicle, limited in scope by this protective purpose.[7] The

---

2. See *State v. Burnside,* 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, at ¶ 8.

3. Id.

4. Id.

5. Id.

6. See *Michigan v. Long* (1983), 463 U.S. 1032, 1049, 103 S.Ct. 3469, 77 L.Ed.2d 1201; *State v. Smith* (1978), 56 Ohio St.2d 405, 408–409, 10 O.O.3d 515, 384 N.E.2d 280; see, also, *State v. Chapman* (1992), 73 Ohio App.3d 132, 135, 596 N.E.2d 612.

7. See *State v. Smith,* supra.

search must be confined to the area in which the suspect's suspicious conduct was directed.[8]

{¶ 14} This case presented facts justifying a reasonable suspicion of danger. Huth was acting panicky and nervous. She repeatedly bent down in the car, where she could not be observed by the officers. While Officer Elizondo was explaining the ticket to Huth, Officer Illing observed a rifle in the passenger footwell. Taken together, these facts more than justified a reasonable suspicion of danger. In fact, finding a rifle alone would have justified a further search.

{¶ 15} Given this suspicion, the officers were justified in conducting a weapons search of Huth's vehicle. The scope of the search was appropriately limited. In fact, the handgun was found in the first place the officer looked: under the driver's seat, clearly within Huth's reach.

### III. More Problematic

{¶ 16} In *State v. Robinette*,[9] the Ohio Supreme Court drew a firm line marking the boundaries of a seizure permitted incident to a traffic stop. Where a person is detained pursuant to a traffic stop beyond the time required for the stop itself, and that continued detention is not based on any articulable facts giving rise to a suspicion of some illegal activity justifying an extension of the detention, the continued detention to conduct a search constitutes an illegal seizure.[10]

{¶ 17} Officer Elizondo sought Huth's consent to search her vehicle after he had completed his explanation of the traffic citation. The permissible limit of a seizure for a traffic stop had been reached. But unlike in *Robinette*, there were specific, articulable facts justifying Officer Elizondo's request to search the car. The officer, a seven-year veteran, had noted her nervous, panicky behavior and unusual fidgeting behind the wheel, which he identified as suspicious.[11] These facts, while short of establishing probable cause, did justify the brief detention necessary to ask for consent to search. We hold that Huth was not unlawfully seized when she was asked to consent to the search.

---

8. Id.

9. See *State v. Robinette* (1997), 80 Ohio St.3d 234, 240, 685 N.E.2d 762.

10. Id.

11. See *State v. Andrews* (1991), 57 Ohio St.3d 86, 88, 565 N.E.2d 1271.

{¶ 18} One of the exceptions to the warrant requirement is a search conducted with consent.[12] When consent is given, the state bears the burden of showing by clear and positive evidence that it was given freely and voluntarily.[13] The determination whether consent was voluntary is a determination of fact made by looking at the totality of the circumstances.[14] Officers need not warn an individual of the right to refuse consent.[15]

{¶ 19} The trial court's determination that Huth voluntarily gave consent is problematic. When Huth asked Officer Elizondo why he wanted to search her car, he replied, "I ask every driver. If I have consent it's easier." Such language gives this court pause. A reasonable citizen could have understood this to mean that the search would occur with or without consent. But given that the search was justified by the officers' reasonable suspicion of danger, we need not determine whether Huth's consent was voluntary. But this court is skeptical of the validity of consent when language such as Officer Elizondo's is used.

## IV. Other Issues

{¶ 20} Huth raises three other objections to the lawfulness of her arrest, none of which have merit. In reliance on *State v. Brown*, she correctly states that in the absence of one of the statutory exceptions, an arrest for a minor misdemeanor violates the Ohio Constitution.[16] This point of law has no bearing on this case. Huth was not arrested for a minor misdemeanor; she was arrested for carrying a concealed and loaded weapon, a felony offense.

{¶ 21} Huth also correctly posits that a reasonable, articulable suspicion (or, of course, probable cause) must exist at the time of a traffic stop and cannot be supplied by subsequent events. Huth was pulled over for speeding because the officer's radar gun had indicated she was speeding. This was sufficient. As we have already determined, the later search of her vehicle was justified by suspicion existing at the time the search was initiated.

{¶ 22} Finally, Huth claims that the trial court failed to consider that Officer Elizondo had intended to search all vehicles he stopped. The subjective intent of an officer is irrelevant. It is the objective justification that the law is concerned

12. See *Schneckloth v. Bustamonte* (1973), 412 U.S. 218, 219, 93 S.Ct. 2041, 36 L.Ed.2d 854.

13. See *State v. Posey* (1988), 40 Ohio St.3d 420, 427, 534 N.E.2d 61.

14. See *State v. Robinette*, supra, 80 Ohio St.3d at 242, 685 N.E.2d 762.

15. See *Ohio v. Robinette* (1996), 519 U.S. 33, 39–40, 117 S.Ct. 417, 136 L.Ed.2d 347.

16. See *State v. Brown*, 99 Ohio St.3d 323, 2003-Ohio-3931, 792 N.E.2d 175.

with.[17]   But we have already held that the search was based on reasonable suspicion, not consent.

{¶ 23} The trial court properly denied Huth's motion to suppress.   The limited search of her vehicle, during which the handgun was discovered, was justified by the officers' reasonable suspicion of danger.   We therefore overrule Huth's assignment of error and affirm the trial court's judgment.

Judgment affirmed.

GORMAN, P.J., and HENDON, J., concur.

---

**17.**   See *State v. Robinette,* supra, 80 Ohio St.3d at 239–240, 685 N.E.2d 762.