JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant state of Ohio ("State") appeals the decision of the Cuyahoga County Court of Common Pleas that granted a motion to suppress in favor of defendant-appellee Albert Jackson ("Jackson"). Finding no error with the proceedings below, we affirm.
 {¶ 2} The following facts give rise to this appeal. Officers Goines and Anderson of the Cleveland Police Department observed Jackson's vehicle parked by a no-parking sign; the vehicle was impeding the flow of traffic, and the engine was still running while Jackson went into the store. The officers parked their vehicle and entered the store to speak with Jackson. He was escorted from the store, patted down and searched, and then placed in the zone car. While Officer Anderson wrote the traffic citations for impeding the flow of traffic, in violation of section 433.04 of the Cleveland Codified Ordinances, and leaving a vehicle running while unattended, in violation of section 451.06 of the Cleveland Codified Ordinances, Officer Goines went into Jackson's car to turn the engine off and discovered a bag of crack cocaine in a plastic baggie "sticking out of the ceiling where the roof and the windshield meets [sic]." Jackson was arrested for possession of drugs.
 {¶ 3} Following a hearing on Jackson's motion to suppress, the trial court stated:
"The police were certainly justified under the circumstances in approaching the defendant inside the store.
"They had, in fact, witnessed Mr. Jackson committing violations of the city ordinances of impeding traffic and leaving the key in the ignition.
"It has been noted that these are not arrestable offenses. However, under the circumstances, they were justified in approaching the defendant and in escorting him from the store.
"Under those circumstances, I believe they also were justified in conducting a pat-down for their safety. And this is where I believe the matter gets somewhat sticky.
"Having determined that the defendant, at most had committed a non-arrestable traffic violation or two non-arrestable traffic violations, the appropriate act would have been either to make the determination of whether to ticket him or not while he was outside or, given the fact that this was mid winter, to allow him to go into his vehicle and wait there until they made that determination, either issue a ticket or to not.
"* * * I don't believe he [Officer Goines] was justified in entering the defendant's car without a warrant, without the defendant's permission, without the defendant having been arrested or even being considered to be charged with any arrestable offense."
 {¶ 4} The court granted the motion to suppress, finding that the search was not justified. The State appeals, advancing one assignment of error for our review, which states:
 {¶ 5} "The trial court abused its discretion when it suppressed the evidence found in plain view in defendant's automobile."
 {¶ 6} At a hearing on a motion to suppress, the trial court functions as the trier of fact, inasmuch as the trial court is in the best position to weigh the evidence by resolving factual questions and evaluating the credibility of the witnesses. State v. Mills (1992), 62 Ohio St.3d 357. On review, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. State v.Harris (1994), 98 Ohio App.3d 543, 546. After accepting such factual findings, the reviewing court must independently determine as a matter of law whether the applicable legal standard has been satisfied. State v.Lloyd (1998), 126 Ohio App.3d 95.
 {¶ 7} The concurring opinion notes that our task under App.R. 12(A)(1)(b) is to determine the appeal on its merits on the assignment(s) of error as set forth in the brief. Here, the State argues that Officer Goines did not perform a search of the vehicle because his intent was to turn off the engine, not to look for contraband. The State further contends that the drugs were in plain view and therefore rightfully seized.
 {¶ 8} In considering the State's claim, we again note that the trial court stated "* * * I don't believe he [Officer Goines] was justified in entering the defendant's car without a warrant, without the defendant's permission, without the defendant having been arrested or even being considered to be charged with any arrestable offense." (Emphasis added.)
 {¶ 9} We respectfully disagree with the trial court's finding that Jackson was not under arrest at the time the drugs were discovered. In our view, Jackson was unlawfully placed under arrest prior to the discovery of the drugs and, as such, that discovery is fruit of the poisonous tree.
 {¶ 10} An investigative stop is more intrusive than a consensual encounter, but less intrusive than a custodial arrest. State v.Williams, Cuyahoga App. No. 81364, 2003-Ohio-2647. The investigative detention is limited in duration and purpose and can last only as long as it takes a police officer to confirm or dispel suspicions. See State v.Polk (Dec. 6, 2001), Cuyahoga App. No. 79170.
 {¶ 11} In this case, Jackson was approached in the store and escorted outside because his vehicle was parked illegally and left running unattended. When Jackson was outside, the officers patted him down, searched his pockets (pulling everything out), and then placed him in the back of the zone car.
 {¶ 12} A person is seized during an investigatory detention when, in consideration of all the circumstances surrounding the encounter, by means of physical force or show of authority a reasonable person would have believed he was not free to leave or was compelled to respond to questions. Williams, supra, citing United States v. Mendenhall,446 U.S. 544.
 {¶ 13} The encounter in this case involved a seizure that was equivalent to an arrest. Further, the officers testified that both citations issued were minor misdemeanors. R.C. 2935.26 prohibits police officers from arresting individuals for a minor misdemeanor unless one of the four exceptions apply. None of the exceptions apply in this case.
 {¶ 14} The exclusionary rule is a judicially created remedy applied to exclude evidence from the government's case in chief when it has been obtained by police through an illegal search or seizure in violation of the Fourth Amendment. Mapp v. Ohio (1961), 367 U.S. 643. Although inAtwater v. Lago Vista (2001), 532 U.S. 318, the United States Supreme Court held that the Fourth Amendment does not forbid warrantless arrests for minor criminal offenses, the Supreme Court of Ohio has held that Section 14, Article I of the Ohio Constitution provides greater protection than the Fourth Amendment to the United States Constitution against warrantless arrests for minor misdemeanors. See State v. Brown
(2003), 99 Ohio St.3d 323, 327. Consequently, Jackson's arrest and the seizure of evidence was unlawful.
 {¶ 15} Had the officers entered the vehicle for a "caretaking" function, as in State v. Cunningham, Montgomery App. No. 20059, 2004-Ohio-3088, the State's argument would have merit. Here, Jackson was, for all intents and purposes, arrested prior to the officers attending to the vehicle. Hence, the arrest and subsequent search was unlawful.
 {¶ 16} The State's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Rocco, J., Concurs;
 Cooney, P.J., Concurs in Judgment Only (See attached concurringopinion).
 CONCURRING OPINION