[Cite as *Maumee v. Curran*, 2017-Ohio-7008.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio/City of Maumee                    Court of Appeals No. L-16-1172

    Appellee                                                Trial Court No. 16TRC-00692-2

v.

John C. Curran                                          **DECISION AND JUDGMENT**

    Appellant                                               Decided:  July 28, 2017

* * * * *

John B. Arnsby, City of Maumee Prosecutor, for appellee.

Charles Herman, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, John C. Curran, appeals from the August 18, 2016 judgment of the Maumee Municipal Court accepting his plea of no contest, convicting him of operating a motor vehicle under the influence of alcohol, a violation of R.C. 4511.19(A)(1)(a), and sentencing appellant.  For the reasons which follow, we affirm.

**{¶ 2}** On appeal, appellant asserts the following assignments of error:

1.  The Department of Natural Resources ("DNR") officer was without statutory authority to initiate Appellant's traffic stop and to detain Appellant in violation of Appellant's right to be free from unlawful search and seizure under Article I, Section 14 of the Ohio Constitution where the DNR officer made an out of jurisdiction traffic stop and seizure based on a violation of O.R.C. Sec. 4511.33 which was not witnessed within or adjacent to the DNR officer's jurisdiction.

2.  The Trial Court Erred in denying Appellant's Motion to Suppress in violation of Appellant's right to be free from unlawful search and seizure under Article I, Section 14 of the Ohio Constitution.

**{¶ 3}** Appellant asserts in both assignments of error that the trial court erred in denying his motion to suppress. Appellant asserted in his motion that an ODNR park officer made a traffic stop outside the officer's territorial jurisdiction in violation of state law (R.C. 4513.39(A)), and infringed appellant's rights under the Fourth Amendment to the United States Constitution and Article I, Section 14, Ohio Constitution. Therefore, appellant argued the evidence derived from the illegal stop must be excluded from evidence at trial. Appellant argued he was stopped solely for a marked lane violation, R.C. 4511.33.

**{¶ 4}** At the motion to suppress hearing, the following evidence was presented. Officer Valentine, an Ohio Department of Natural Resources park officer and a certified

2.

peace officer in the state of Ohio, testified that on January 30, 2016, he was on duty at 9:04 p.m. The officer was driving away from the state forest located near Oak Openings Metropark toward his post at Maumee Bay State Park, with another park officer, in a marked patrol vehicle and was wearing his ODNR park uniform. Officer Valentine was driving westbound on Maumee Western Highway/U.S. 20A, when he observed appellant's pickup truck turn onto the same highway and drive eastbound. While they were approximately a quarter mile apart, the officer became concerned that appellant was driving outside his lane and might strike the officer's vehicle. The officer saw the left two wheels of appellant's vehicle cross over the center line for approximately one car length and immediately corrected his path. The officer had begun to take some evasive action by slowing down and moving toward the right side of the road. If appellant had not corrected his path several car lengths from the officer, he believed appellant's vehicle would have struck the officer's vehicle.

{¶ 5} The officer immediately turned around and followed appellant for a little while to determine whether he was impaired, sleepy, or distracted. The officer observed appellant from four-to-five car lengths behind appellant. The officer saw appellant cross over the white line into the shoulder, hit gravel, over correct, and veer over the center line again before returning to his proper lane. The officer saw two-to-three other vehicles approaching westbound, which could have been struck if appellant had not corrected his path.

3.

**{¶ 6}** Because the officer did not believe it was safe for appellant to continue driving, the officer stopped appellant approximately four minutes after the officer had first observed appellant's erratic driving. After the officer activated his lights and appellant began to pull over, appellant nearly struck a newspaper delivery box before correcting himself and stopping.

**{¶ 7}** The record is not clear as to the timing, but the officer testified that he radioed the Lucas County dispatcher because he knew he did not have jurisdiction in that area. He was informed there were no sheriff deputies available. Therefore, he determined that he had to make a stop rather than continue to follow the vehicle. After he stopped appellant, he updated the dispatcher on where he was located and that he had stopped a driver who was possibly under the influence of alcohol. The officer testified he stopped appellant solely because he had been trained that he had a duty as a sworn officer to stop and question a driver believed to be driving under the influence.

**{¶ 8}** After the ODNR officer spoke with appellant and determined that he might be under the influence, the officer again radioed the dispatcher to determine if an officer with jurisdiction was available to investigate further and make the arrest. Afterward, a state trooper arrived who ultimately arrested appellant for operating a vehicle while under the influence and for a marked lanes violation.

**{¶ 9}** The trial court denied the motion to suppress finding *State v. Brown*, 143 Ohio St.3d 444, 2015-Ohio-2438, 39 N.E.3d 496, was not controlling because the stop and detention in this case was based on the observation of ongoing reckless driving.

4.

Instead, the court found *State v. Weideman*, 94 Ohio St.3d 501, 764 N.E.2d 997, syllabus, was controlling.

{¶ 10} On appeal, appellant argues that the trial court's opinion was based upon an erroneous reading of the law and misapplication of the facts regarding the protections afforded under the Ohio Constitution.

{¶ 11} Appellant first argues that none of the extenuating circumstances permitting an extra-territorial stop provided under R.C. 2935.03(E)(4) apply in this case. We agree. It is undisputed in this case that the ODNR peace officer made a stop and detention outside his territorial jurisdiction, in violation of R.C. 4513.39, and that none of the exceptions of R.C. 2935.02(D) or (E) permitting an extra-territorial detention apply in this case.

{¶ 12} Second, appellant argues the trial court erred in relying upon *Weideman*. We agree in part. *Weideman* does set forth the analysis needed to determine whether the Fourth Amendment of the United States Constitution was infringed. However, because Article I, Section 14, of the Ohio Constitution can afford greater protection than the Fourth Amendment of the United States Constitution, the trial court was required to address that issue separately. On appeal, appellant challenges only the trial court's determination of the infringement of his rights under the Ohio Constitution.

{¶ 13} With respect to that issue, the trial court should have applied the balancing test of *State v. Brown*, 143 Ohio St.3d, 2015-Ohio-2438, 39 N.E.3d 496, and *State v. Jones*, 88 Ohio St.3d 430, 437, 727 N.E.2d 886, *overruled in part by Brown* at ¶ 21.

5.

{¶ 14} The exclusionary rule is a judicially-created remedy to safeguard constitutional rights by excluding evidence from a trial which was obtained as a result of an unlawful (unreasonable) search and seizure in violation of the Fourth Amendment. *Weeks v. United States*, 232 U.S. 383, 398, 34 S.Ct. 341, 58 L.Ed. 652 (1914) (announcing the exclusionary rule), and *Mapp v. Ohio*, 367 U.S. 643, 655, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961) (extending the exclusionary rule to the states through the Fourteenth Amendment). The Ohio Supreme Court has never expressly adopted or defined the scope of the exclusionary rule with regard to unreasonable searches and seizures under Article I, Section 14, of the Ohio Constitution. But, the court has excluded evidence obtained as a result of a traffic stop made in violation of a statute governing the officer's territorial jurisdiction. *Brown*; *see also Cincinnati v. Alexander*, 54 Ohio St.2d 248, 255, 375 N.E.2d 1241 (1978), fn. 6. *Compare State v. Lindway*, 131 Ohio St. 166, 2 N.E.2d 490 (1936), paragraph four of the syllabus ("[E]vidence obtained by an unlawful search is not thereby rendered inadmissible, and, if otherwise competent and pertinent to the main issue, will be received against an accused").

{¶ 15} In resolving the issue of a violation of the Ohio Constitution, in the 2015 *Brown* case, the Ohio Supreme Court looked to its prior holding in *State v. Brown*, 99 Ohio St.3d 323, 2003-Ohio-3931, 792 N.E.2d 175, syllabus, for support. In the 2003 *Brown* case, a suspected drug dealer was arrested for jaywalking (rather than being cited for a minor misdemeanor as required by statute). The defendant was searched incident to his arrest and drugs were found. The Ohio Supreme Court held that Article I, Section 14

6.

of the Ohio Constitution provided greater protection than the Fourth Amendment to the United States Constitution and reaffirmed application of the balancing test set forth in *State v. Jones*, 88 Ohio St.3d 374, 727 N.E.2d 886 (2000), *overruled in part by Brown*, (the *Jones* balancing test is limited to violations of the Ohio Constitution). Balancing the interests of government and the individual, the trial court concluded that a violation of the statute, which limited the officer's jurisdiction to arrest for a minor misdemeanor (R.C. 2935.26), resulted in an unreasonable search and seizure under the Ohio Constitution.

{¶ 16} In the 2015 *Brown* case, a traffic stop was made by a township patrol officer on an Interstate highway two and one-half miles after the officer observed a marked lane violation (crossing over the fog line), which was outside the officer's territorial jurisdiction pursuant to R.C. 4513.39 and 2935.03(A)(1). The officer discovered the driver had a suspended license and an active felony warrant. The officer's drug dog alerted to the presence of drugs and drugs were found in the vehicle. The Ohio Supreme court held the stop also violated the protection against unreasonable searches and seizures afforded by Article I, Section 14 of the Ohio Constitution. Balancing the interests of the government to stop an individual for a marked lane violation and the rights of the individual, the court concluded that the government's minimal interest was outweighed by the intrusion upon the individual's liberty and privacy.

{¶ 17} Applying the *Brown/Jones* balancing test in this case, we find that the balance weighs in favor of the government. The ODNR officer initiated the traffic stop after observing appellant's vehicle commit three marked line violations within a short

7.

period of time and nearly strike two vehicles before correcting his path. The officer reasonably concluded that appellant was driving impaired and, because another officer was not immediately available, the ODNR officer determined that he needed to make an immediate stop to protect the public even though the officer knew he was outside of his territorial jurisdiction.

{¶ 18} We find the case before us is distinguishable from the facts in both the 2003 and 2015 *Brown* cases. In both *Brown* cases, there was no immediate need to arrest or stop the individual and both cases appear to involve pre-textual stops, which was not the situation in this case. In the case before us, there was an immediate safety justification for the stop. Therefore, the momentary invasion of appellant's liberty and privacy interests was minimal compared to the risk his impaired driving posed to himself and others. Therefore, we find appellant's assignments of error not well-taken.

{¶ 19} Having found that the trial court did not commit error prejudicial to appellant and that substantial justice has been done, the judgment of the Maumee Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

8.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J. _____

                                                           JUDGE

Thomas J. Osowik, J.

_____

Christine E. Mayle, J.                                             JUDGE
CONCUR.

_____

                                                           JUDGE