[Cite as *State v. Hall*, 2011-Ohio-5155.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 95983**

## STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

## EBONY HALL

DEFENDANT-APPELLEE

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-538933

**BEFORE:**    Stewart, P.J., Cooney, J., and Rocco, J.

**RELEASED AND JOURNALIZED:**    October 6, 2011

**ATTORNEYS FOR APPELLANT**

William D. Mason
Cuyahoga County Prosecutor

BY:   Marcus A. Henry
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH   44113


**ATTORNEYS FOR APPELLEE**

Robert L. Tobik
Cuyahoga County Public Defender

BY:   Nathaniel McDonald
Assistant Public Defender
310 Lakeside Avenue, Suite 400
Cleveland, OH   44113


MELODY J. STEWART, P.J.:

{¶ 1}   Plaintiff-appellant, state of Ohio, appeals from the trial court's ruling granting defendant-appellee, Ebony Hall's, motion to suppress that was granted in part and denied in part.   The state complains that the police had probable cause to arrest Hall for drug trafficking after discovering four individual packets of marijuana in her vehicle and, likewise, had grounds for a lawful arrest for drug possession since East Cleveland city ordinances designate marijuana possession as a misdemeanor, an arrestable offense.

{¶ 2}  On June 20, 2010, Hall was embroiled in a dispute with a woman named Pauline outside of the Brunswick Road residence of Tyrovia Custom, who was the subject of the conflict.  Davonna Smith, the daughter of Custom, was shopping at a nearby mall when she received a call from Pauline informing her of the altercation.  Pauline told Smith that Hall was throwing rocks, making threats, and had even brandished a pistol.  Smith called the East Cleveland Police Department and provided an account of what she had learned from Pauline.  Additionally, she gave her name, telephone number, and a description of the vehicle that Hall was driving, a white Chevy Impala.

{¶ 3}  Officer Hussain was dispatched to the scene.  Upon arriving at the Brunswick Road address, Hussain observed two females standing on the tree lawn in front of the residence engaged in conversation.  A white Impala was nearby.  Hussain exited his vehicle with weapon drawn and ordered both females, Hall and Smith who had only recently arrived, to the ground.  Hussain allowed Smith to stand, then handcuffed Hall and patted her down for weapons.  He reached into Hall's pockets and removed more than $1,400, credit cards, and a small packet of marijuana.

{¶ 4}  Officer Telegdy arrived on the scene while Hussain questioned Hall and onlookers about the report of a gun. Hall responded that she did not  possess a gun and allegedly consented to a search of the vehicle.  The officers searched the Impala and discovered four packets of plastic sandwich bags containing marijuana in the center console. Hall was placed under arrest for trafficking marijuana.

{¶ 5}  On July 13, 2010, Hall was indicted for one count of trafficking marijuana pursuant to R.C. 2925.03(A)(2) and one count of possessing criminal tools in violation of R.C. 2923.24(A).  She filed a motion to suppress alleging that the evidence seized resulted from an unlawful search executed in contravention of the Ohio and United States Constitutions.

{¶ 6}  A hearing on the motion to suppress was held on October 25, 2010, and Hall argued that the stop, interrogation, and resulting arrest were without probable cause or reasonable suspicion as required by the Fourth Amendment.  She specifically contended that no consent for the vehicle search was given and additionally asserted that the information provided to the police dispatcher by a remote third party was insufficient, under the totality of the circumstances, to supply reasonable suspicion of criminal activity since it lacked reliability or corroboration.  Lastly, Hall claimed that even if reasonable suspicion existed, the seizure overstepped the scope of police authority for a *Terry* stop.

{¶ 7}  The state maintained that reasonable suspicion of criminal activity was supported by both the surrounding circumstances as well as by articulable facts, and that consent was given to search the vehicle and therefore all evidence seized therefrom was legitimate.  The state also argued that the evidence recovered from Hall was lawfully obtained since it was discovered in a search incident to her arrest.

{¶ 8}  In ruling on the motion to suppress, the trial court determined that the police response and ensuing handcuffing of Hall were warranted under the circumstances, and also that she freely and voluntarily gave consent for the police to search the vehicle.

However, the court found that officer Hussain conducted an illegal warrantless search of Hall's pockets during a legal *Terry* frisk regardless of which version of events was accurate. Alternatively, the court reasoned that since in most instances the discovery of an amount of marijuana totaling less than 100 grams is a minor misdemeanor, the quantity found on Hall and in her vehicle would not support a felony arrest for drug trafficking. As a result, if the drugs and cash were in fact uncovered after an illegal arrest, these items were alternatively and additionally subject to suppression. With this, the court suppressed the packet of marijuana found in Hall's pants, and also suppressed her arrest, but the court did not suppress the marijuana found in the console of the vehicle.

{¶ 9} The state, in its sole assignment of error, argues that the trial court erred in suppressing the evidence found on Hall since the marijuana and cash were retrieved from her pockets after a lawful custodial arrest, and not during the *Terry* frisk. It contends that the facts supporting probable cause for a lawful arrest included a credible tip of harassment and menacing involving a gun, as well as retrieval of uniformly packaged baggies of marijuana ready for sale. The state contends, therefore, that the evidence is legally recovered and is admissible under the Fourth Amendment.

{¶ 10} "Appellate review of a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting these

facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." (Internal citations omitted.) *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶8.

{¶ 11} The Fourth Amendment to the United States Constitution restrains warrantless searches and seizures and renders them per se unreasonable unless an exception applies. *Katz v. United States* (1967), 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576. One common exception to the Fourth Amendment warrant requirement is an investigative stop, or *Terry* stop.

{¶ 12} A police officer is permitted for a short period to stop and detain a person, without an arrest warrant and without probable cause, for the purposes of investigating a reasonable and articulable suspicion of criminal activity. *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889, *State v. Bobo* (1988), 37 Ohio St.3d 177, 524 N.E.2d 489. "[T]he circumstances surrounding the stop must "be viewed through the eyes of a reasonable and cautious police officer on the scene, guided by his experience and training." *Bobo*, 37 Ohio St. 3d at 178.

{¶ 13} "When an officer is justified in believing that the individual whose suspicious behavior he is investigating at close range is armed and presently dangerous to the officer or to others" he may conduct a protective search for concealed weapons. *Terry*, 392 U.S. at 24. "The protective pat down under *Terry* is limited in scope to this protective purpose and cannot be employed by the searching officer to search for

evidence of crime." *State v. Evans* (1993), 67 Ohio St.3d 405, 414, 618 N.E.2d 162. "If the protective search goes beyond what is necessary to determine if the suspect is armed, it is no longer valid under *Terry* and its fruits will be suppressed." *Minnesota v. Dickerson* (1993), 508 U.S. 366, 373, 113 S.Ct. 2130, 124 L.Ed.2d 334.

{¶ 14} The United States Supreme Court expanded *Terry* to include permissible discovery and confiscation of contraband other than weapons under the "plain feel" doctrine "[i]f a police officer lawfully pats down a suspect's outer clothing and feels an object whose contour or mass makes its identity immediately apparent ***." *State v. Huffman,* 8th Dist. No. 93000*, 2010-Ohio-5116, ¶14 citing *Dickerson* at 375.

{¶ 15} The record developed at the suppression hearing contains conflicting testimony surrounding the exact moment when the marijuana and cash were removed from Hall. Smith testified that during the *Terry* frisk of Hall, Officer Hussain was simultaneously "checking her pockets," and Hall corroborated this sequence of events with her testimony. Alternatively, Hussain stated that he merely patted down Hall beforehand, and performed a more comprehensive search of her person only after searching the vehicle and discovering probable cause for the arrest. Hall testified that the marijuana and cash were removed from her pocket after she was handcuffed and while she was being patted down for weapons. She also claims that the items recovered from illegally searching her were the catalyst for the subsequent vehicle search.

{¶ 16} The trial court was in the best position to evaluate the credibility of the witnesses. Therefore, the court's findings of fact and its determination that Hall's and

Smith's version of events was more plausible is accepted as true and will not be disturbed. Moreover, the record is barren of any testimony by Hussain that would justify the removal of the cash, credit cards, and marijuana under the plain feel doctrine while frisking Hall for weapons.

{¶ 17} The state additionally argues that the court erred when it deemed Hall's arrest for drug possession unlawful and then suppressed the recovered contraband, believing that marijuana possession is a minor misdemeanor under the Ohio Revised Code and cannot be the basis for an arrest. See R.C. 2925.11(A)(C)(3)(a). The state points to the city of East Cleveland's ordinances that make misdemeanors punishable by six months in prison, and declares that city ordinances that differ from the Ohio Revised Code in degree of misdemeanors have been found to be constitutional. Hall contends that East Cleveland's codified ordinances were revised in 2009 and can be read in harmony with R.C. 2925.11 since the pertinent ordinance currently indicates that possession of less than 100 grams of marijuana is a minor misdemeanor.

{¶ 18} An offense designated as a minor misdemeanor is, by definition, one for which the greatest punishment is a fine of $150. Crim.R. 4.1(B); R.C. 2901.02(G). Because an arrest is regarded as a "serious personal intrusion," in Ohio an individual may be arrested for a minor misdemeanor in only limited circumstances. *U.S. v. Watson* (1976), 423 U.S. 411, 428, 96 S.Ct. 820, 46 L.Ed.2d 598, *State v. Melvin*, 8th Dist. No. 88611, 2007-Ohio-3779, ¶26. "[W]hen a law enforcement officer is otherwise authorized to arrest a person for the commission of a minor misdemeanor, the officer

shall not arrest the person, but shall issue a citation," unless a specifically enumerated exception applies. R.C. 2935.26. In *Melvin*, the defendant contended he was wrongfully arrested for the minor misdemeanor of possession of less than 12 grams of marijuana. *Melvin*, 8th Dist. No. 88611, ¶23. The court determined his arrest to be illegal since none of the exceptions enumerated in R.C. 2935.26 applied. Id.

{¶ 19} While the Fourth Amendment to the United States Constitution does not shield persons from arrest for the commission of minor misdemeanors, greater individual protections in these instances can be found in Section 14, Article I of the Ohio Constitution. *Atwater v. City of Lago Vista* (2001), 532 U.S. 318, 121 S.Ct. 1536, 149 L.Ed.2d 549, *State v. Brown*, 99 Ohio St.3d 323, 2003-Ohio-3931, 792 N.E.2d 175, ¶7. Consequently, "[a]bsent one or more of the exceptions specified in R.C. 2935.26, a full custodial arrest for a minor misdemeanor offense violates *** Section 14, Article I of the Ohio Constitution, and evidence obtained incident to such an arrest is subject to suppression in accordance with the exclusionary rule." *Brown*, 99 Ohio St.3d at ¶16, quoting *State v. Jones*, 88 Ohio St.3d 430, 2000-Ohio-374, 727 N.E.2d 886, syllabus.

{¶ 20} Here, the second prong of the trial court's analysis demonstrates that the items discovered during the *Terry* frisk, even if not considered fruits of an illegal search, are nonetheless insufficient to support the subsequent warrantless arrest. The state does not indicate that an exception enumerated in R.C. 2935.26 applies to the facts here, and the discovery of a small amount of marijuana contained in a single baggie cannot serve as justification for an arrest.

{¶ 21} The state's assignment of error is therefore overruled.

{¶ 22} Hall, while not filing a notice of appeal, requests that we consider the veracity of the third-party tip that led to her arrest. She claims that reasonable suspicion for a *Terry* stop was lacking under the totality of the circumstances and, in turn, asks us to suppress all of the evidence as fruit from the poisonous tree.

{¶ 23} While "[cross]-assignments of error may be filed by an appellee who does not appeal," "such assignments of error are only for the limited purpose of preventing the reversal of the judgment under review." R.C. 2505.22, *Chapman v. Ohio State Dental Bd.* (1986), 33 Ohio App.3d 324, 515 N.E.2d 992, paragraph two of the syllabus. However, "an assignment of error by an appellee, where such appellee has not filed any notice of appeal from the judgment of the lower court, may be used by the appellee as a shield to protect the judgment of the lower court but may not be used by the appellee as a sword to destroy or modify that judgment." *Glidden Co. v. Lumbermens Mut. Cas. Co.*, 112 Ohio St.3d 470, 2006-Ohio-6553, 861 N.E.2d 109, ¶32, citing *Parton v. Weilnau* (1959), 169 Ohio St. 145, 171, 158 N.E.2d 719.

{¶ 24} Here, the issues raised by Hall directly contest the trial court's judgment of partially granting her motion to suppress, are an attempt to modify the judgment, and are not proffered for the limited purpose of preventing reversal of the judgment. Since the issue she advances does not fall within the express parameters of R.C. 2505.22, and she did not appeal the partial grant of her motion to suppress, we are precluded from reviewing her arguments.

Judgment affirmed.

It is ordered that appellee recover of appellant her costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MELODY J. STEWART, PRESIDING JUDGE

COLLEEN CONWAY COONEY, J., and
KENNETH A. ROCCO, J., CONCUR