[Cite as *State v. Adams*, 2015-Ohio-5072.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2015-A-0003** |
| JAMESON LEE ADAMS, | : | |
| Defendant-Appellee. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2014 CR 00232.

Judgment: Affirmed.

*Nicholas A. Iarocci*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellant).

*Judith M. Kowalski,* 333 Babbitt Road, #323, Euclid, OH 44123 (For Defendant-Appellee).

COLLEEN MARY O'TOOLE, J.

{¶1} The State of Ohio appeals from the judgment of the Ashtabula County Court of Common Pleas, granting Jameson Lee Adams' motion to suppress in a cocaine possession case. Finding no error, we affirm.

{¶2} About 10:00 p.m., April 4, 2014, Trooper Brandon Miller of the Ohio State Highway Patrol was parked along U.S. Route 20, monitoring a small apartment house

known for drug activity. He saw a dark Chrysler arrive, then leave about ten minutes later. Trooper Miller followed the Chrysler, observing it seemed to have only one working brake light.[1] His dash cam was on. After a mile and one-half, he initiated a traffic stop.

{¶3} Trooper Miller approached the Chrysler, and spoke for several minutes to the driver, Mr. Adams. Trooper Miller noticed the smell of "raw" (i.e., unsmoked) marijuana emanating from the car. He asked Mr. Adams to step out. When doing so, Mr. Adams admitted to having a small amount of marijuana in his pocket. Trooper Miller escorted Mr. Adams to the front of his cruiser, handcuffed him, and gave him his *Miranda* rights. The trooper then conducted a very thorough search of Mr. Adams. While doing so, he felt a lump at the right rear of Mr. Adams pants. Upon checking this area a second time, the lump had disappeared. Trooper Miller put Mr. Adams in the rear of his cruiser.

{¶4} Back up police arrived, and an attempt was made to search Mr. Adams' car. However, when tossing his keys and private effects onto the front seat, Mr. Adams key fob evidently locked the doors. Trooper Miller patted Mr. Adams down, looking for a second key, without finding one (or noticing the lump at the right rear of Mr. Adams' pants). The pat down occurred off camera, so its extent cannot be determined. A

---

1. There was considerable conflict at the suppression hearing regarding the accuracy of Trooper Miller's observation. The Chrysler belonged to Mr. Adams' fiancée, now wife, Julia Cooper (Adams). She testified both lights were working. A video she made when she picked up the car from impound seemed to confirm this. Also testifying for the defense was Brenda Claycomb of the Bureau of Motor Vehicles. Mr. Adams had used the car for a driving test two days prior to his arrest, and Ms. Claycomb inspected it then, finding the brake lights functional. In its judgment entry of suppression, the learned trial court remarked it was unlikely a light had failed in the interval between the inspection and the stop, but further noted the governing statute, R.C. 4513.071(A), requires that brake lights be visible for 500 feet. The quality of the dash cam video taken by Trooper Miller is insufficient to establish whether the brake lights were working properly. For purposes of the motion to suppress, the trial court accepted that the lights could not be observed.

towing company was called to open the Chrysler's doors. Trooper Miller conducted another search of Mr. Adams, which included shaking his pants' legs. At that time, a baggie with approximately 16 grams of cocaine fell out of Mr. Adams' pants.

{¶5} June 12, 2014, the Ashtabula County Grand jury indicted Mr. Adams on one count, possession of cocaine, in violation of R.C. 2925.11(A)(c)(4)(c), a third degree felony. He was arraigned July 11, 2014, and pled not guilty. October 3, 2014, Mr. Adams moved to suppress. The state opposed December 24, 2014. Hearing went forward December 30, 2014. January 13, 2015 the trial court filed its judgment entry granting the motion. January 14, 2015, the state noticed this appeal pursuant to Crim.R. 12(K), certifying it could not proceed with the case against Mr. Adams as a result of the trial court's action. January 16, 2015, the trial court stayed all proceedings, pending resolution of this appeal.

{¶6} The state's assignment of error reads: "The trial court erred in granting appellee's motion to suppress."

{¶7} "'Appellate review of a motion to suppress presents a mixed question of law and fact.' *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶8, * * *. During a hearing on a motion to suppress, the trial judge acts as the trier of fact and, as such, is in the best position to resolve factual questions and assess the credibility of witnesses. *State v. Mills*, 62 Ohio St.3d 357, * * * (1992*)*. The appellate court must accept the trial court's factual findings, provided they are supported by competent, credible evidence. *Burnside* at ¶8. Thereafter, the appellate court must determine, without deference to the trial court, whether the applicable legal standard has been met. *Bainbridge v. Kaseda*, 11th Dist. No. 2007-G-2797, 2008-Ohio-2136, ¶20. Thus, we

3

review the trial court's application of the law to the facts de novo. *State v. McNamara*, 124 Ohio App.3d 706, 710, * * * (4th Dist.1997)." (Parallel citations omitted.) *State v. Haynes*, 11th Dist. Ashtabula No. 2012-A-0032, 2013-Ohio-2401, ¶36.

**{¶8}** Trooper Miller stopped Mr. Adams for a brake light violation, which is a minor misdemeanor. R.C. 4513.071(B). On approaching the car, the trooper smelled marijuana; and, Mr. Adams admitted to having a small amount on his person.[2] The amount of marijuana in Mr. Adams' possession was only sufficient to establish another minor misdemeanor.

**{¶9}** "An offense designated as a minor misdemeanor is, by definition, one for which the greatest punishment is a fine of $150. Crim.R. 4.1(B); R.C. 2901.02(G). Because an arrest is regarded as a 'serious personal intrusion,' in Ohio an individual may be arrested for a minor misdemeanor in only limited circumstances. *U.S. v. Watson* (1976), 423 U.S. 411, 428, * * *, *State v. Melvin*, 8th Dist. No. 88611, 2007-Ohio-3779, ¶26. '(W)hen a law enforcement officer is otherwise authorized to arrest a person for the commission of a minor misdemeanor, the officer shall not arrest the person, but shall issue a citation,' unless a specifically enumerated exception applies. R.C. 2935.26. In *Melvin*, the defendant contended he was wrongfully arrested for the minor misdemeanor of possession of less than 12 grams of marijuana. *Melvin*, 8th Dist. No. 88611, ¶23. The court determined his arrest to be illegal since none of the exceptions enumerated in R.C. 2935.26 applied. Id.

**{¶10}** "While the Fourth Amendment to the United States Constitution does not shield persons from arrest for the commission of minor misdemeanors, greater individual protections in these instances can be found in Section 14, Article I of the Ohio

---

2. A search of the Chrysler resulted in the discovery of a cigar laced with marijuana, as well.

Constitution. *Atwater v. City of Lago Vista* (2001), 532 U.S. 318, * * *, *State v. Brown*, 99 Ohio St.3d 323, 2003-Ohio-3931*, * * *, ¶7. Consequently, '(a)bsent one or more of the exceptions specified in R.C. 2935.26, a full custodial arrest for a minor misdemeanor offense violates (* * *) Section 14, Article I of the Ohio Constitution, and evidence obtained incident to such an arrest is subject to suppression in accordance with the exclusionary rule.' *Brown*, 99 Ohio St.3d at ¶16, quoting *State v. Jones*, 88 Ohio St.3d 430 [2000], * * *, syllabus." (Parallel citations omitted.) *State v. Hall*, 8th Dist. Cuyahoga No. 95983, 2011-Ohio-5155, ¶18-19.

{¶11} R.C. 2935.26 sets forth the following exceptions to the rule a minor misdemeanor cannot result in an arrest:

{¶12} "(1) The offender requires medical care or is unable to provide for his own safety.

{¶13} "(2) The offender cannot or will not offer satisfactory evidence of his identity.

{¶14} "(3) The offender refuses to sign the citation.

{¶15} "(4) The offender has previously been issued a citation for the commission of that misdemeanor and has failed to do one of the following:

{¶16} "(a) Appear at the time and place stated in the citation;

{¶17} "(b) Comply with division (C) of this section." [3]

{¶18} None of these exceptions applied in this case: the arrest of Mr. Adams was illegal when it occurred. Nonetheless, Trooper Miller testified that Mr. Adams' agitation upon exiting his car convinced the trooper he might be armed. Of course, a

---

3. Division C delineates the process whereby a defendant may simply pay the ticket without appearing in court.

5

police officer may conduct a *Terry* search of a person being questioned, to discover if they are armed; and, if the officer feels what is clearly contraband based on its mass or contour, that contraband may be confiscated. *Hall*, *supra*, at ¶13-14. In this case, Trooper Miller did not find any weapons on Mr. Adams, and the lump at the right rear of his pants disappeared during the initial search, despite the trooper's attempt to find it again.

{¶19} At that point, no further reason existed to search Mr. Adams: the subsequent pat down during which the cocaine was discovered was invalid. The trial court did not err in granting the motion to suppress. [4]

{¶20} The assignment of error is without merit.

{¶21} The judgment of the Ashtabula County Court of Common Pleas is affirmed.


DIANE V. GRENDELL, J.,

THOMAS R. WRIGHT, J.,

concur.

---

4. There is some discussion by the parties of the applicability of *State v. Moore*, 90 Ohio St.3d 47 (2000) to this case. In *Moore*, the Supreme Court of Ohio determined that if a police officer smells marijuana emanating from a car following a traffic stop, the officer may conduct both a warrantless search of the car, and of the occupant(s). The court found the "automobile" exception to the Fourth Amendment justified a search of the car. *Id.* at 48-51. It found the "exigent circumstances" exception justified a search of the person(s), since drugs are easily hidden or destroyed. *Id.* at 51-53. We think *Moore* is distinguishable, at least in part, based on the facts of this case. Mr. Adams freely admitted to Trooper Miller he had marijuana on his person: a search for it was unnecessary. Trooper Miller's only reason for searching Mr. Adams was to perform a *Terry* search. We further note the dash cam video of the arrest shows the police conducted a full search of the car, including its trunk. *Moore* does not allow this: under *Moore*, the police may only search the passenger compartment on smelling marijuana, unless evidence establishing further probable cause to examine the trunk is discovered. *See, e.g.*, *State v. Farris*, 109 Ohio St.3d 519, 2006-Ohio-3255, ¶50-52.