[Cite as *State v. Donaldson*, 2019-Ohio-232.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY


State of Ohio                                     Court of Appeals No. WD-18-034

    Appellee                              Trial Court No. 2016CR0645

v.

Scott F. Donaldson                        **DECISION AND JUDGMENT**

    Appellant                             Decided:  January 25, 2019

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Jerome Phillips and Michael H. Stahl, for appellant.

* * * * *

**SINGER, J.**

## I.  Introduction

{¶ 1} Appellant, Scott Donaldson, appeals the judgment of the Wood County

Court of Common Pleas, sentencing him to two years of community control following his

no contest plea to one count of trafficking in marijuana and one count of possession of

marijuana.  Finding no error, we affirm.

## A. Facts and Procedural Background

**{¶ 2}** This appeal stems from the trial court's denial of appellant's motion to suppress following a June 7, 2017 hearing at which the following facts were established.

**{¶ 3}** On December 13, 2016, officer Nick Colwell and auxiliary officer Terry Glosser of the Walbridge Police Department were monitoring southbound traffic along Interstate 280 when they observed appellant move from the right lane to the left lane without using his turn signal. The officers then pulled behind appellant, at which time he again changed lanes without signaling. According to officer Colwell, appellant merged in front of a semi-truck in what appeared to be an attempt to shield himself from the officers. Due to appellant's failure to signal prior to changing lanes, Colwell initiated a traffic stop.

**{¶ 4}** Once stopped, the officers exited their cruiser and approached appellant's vehicle. Colwell approached from the driver's side and began speaking with appellant while Glosser remained on the passenger side near the rear of the vehicle. As Colwell approached appellant's vehicle, he sensed a "very strong odor of raw marijuana emitting from the vehicle." Colwell proceeded to ask appellant for his identification information and questioned appellant regarding the odor of marijuana. Appellant acknowledged that he had an amount of marijuana in the pocket of his jacket. Colwell then directed appellant to remain in the vehicle while he ran his information through dispatch.

**{¶ 5}** While in his cruiser, Colwell learned that appellant had an active warrant out of Erie, Michigan, for marijuana possession, which was not an offense for which

2.

appellant could be arrested at the time. Colwell then returned to appellant's vehicle, and ordered appellant to exit the vehicle. Once appellant was out of the vehicle, he was ordered to empty his pockets, at which point he produced a small vial of less than 100 grams of marijuana from the pocket of his jacket and $1,401 in cash.

{¶ 6} After seizing the marijuana and cash, Colwell informed appellant that he was going to search the vehicle. Appellant then stated, "that's fine, there's nothing else in the vehicle." Meanwhile, Colwell observed that appellant was "very nervous. And he kept making – kept looking at the trunk of the vehicle." Appellant was then placed into the back of the officers' cruiser, where he remained while the officers searched the vehicle.

{¶ 7} During the execution of the search, the officers proceeded through the passenger compartment, where no marijuana was found. Due to the strong odor of raw marijuana that he noticed upon first approaching the vehicle, Colwell decided to search the trunk. Colwell opened the trunk lid and watched while Glosser began to search inside. Inside the trunk, Glosser discovered several paint buckets with lids attached. Glosser then removed the lids from the paint buckets, at which point he noticed a "very strong odor of marijuana." In one of the paint buckets, Glosser found seven freezer bags of green vegetation that was determined to be marijuana. Colwell then returned to his cruiser and asked appellant how much the bags of marijuana weighed. Appellant replied that the bags were "QPs," or quarter-pound bags.

3.

**{¶ 8}** Based upon the large quantity of marijuana found in the back of the vehicle, appellant was arrested and charged with one count of trafficking in marijuana in violation of R.C. 2925.03(A)(2) and (C)(3)(c), a felony of the fourth degree, and one count of possession of marijuana in violation of R.C. 2925.11(A) and (C)(3)(c), a felony of the fifth degree, along with forfeiture specifications under R.C. 2941.1417(A) pertaining to the vehicle and the $1,401 in cash in appellant's possession at the time of the traffic stop. At his subsequent arraignment, appellant entered a plea of not guilty, and the matter proceeded through discovery.

**{¶ 9}** On May 5, 2017, appellant filed a motion to suppress, in which he sought the suppression of all evidence obtained from the December 13, 2016 traffic stop. Appellant argued that the evidence was unlawfully seized as a result of a warrantless search that was not authorized by any exception to the warrant clauses of the Ohio Constitution or the Constitution of the United States. As noted above, a hearing on the motion to suppress was held on June 7, 2017. Thereafter, the parties filed post-hearing briefs, and the trial court issued its decision on the motion on August 14, 2017.

**{¶ 10}** In its decision, the trial court found that Colwell's detection of the odor of marijuana provided the requisite probable cause to search appellant's entire vehicle. Because Colwell testified to a strong odor of *raw* marijuana (as opposed to burnt marijuana), the court found that the permissible scope of the search extended into the trunk of the vehicle where raw marijuana may reasonably be discovered. The court further found that the vial of marijuana and cash that was produced by appellant when he

4.

was instructed to empty his pockets would be subject to suppression because the officers lacked any reasonable suspicion that appellant was armed or dangerous, and no pat-down was conducted prior to the emptying of appellant's pockets. However, the court went on to conclude that the vial of marijuana and cash should not be suppressed because they would have inevitably been found after the officers discovered the marijuana in the trunk of appellant's vehicle and arrested appellant. Consequently, the trial court denied appellant's motion to suppress.

{¶ 11} Following the trial court's denial of appellant's motion to suppress, appellant entered a no contest plea on both counts contained within the indictment. The trial court accepted the plea, found appellant guilty, and merged the two counts for purposes of sentencing. The state elected to proceed to sentencing on the trafficking count, and the trial court sentenced appellant to two years of community control and ordered the forfeiture of his vehicle and $1,401 in cash. Appellant's timely notice of appeal followed.

## B. Assignment of Error

{¶ 12} On appeal, appellant presents the following assignment of error:

> The trial court erred when it failed to suppress evidence seized from a sealed container in the locked trunk of Donaldson's vehicle as the result of a warrantless search without probable cause.

5.

## II. Analysis

{¶ 13} In appellant's sole assignment of error, he argues that the trial court erred in denying his motion to suppress after it concluded that Colwell and Glosser had probable cause to search the trunk of appellant's vehicle based upon Colwell's detection of a strong odor of raw marijuana.

{¶ 14} "Appellate review of a motion to suppress presents a mixed question of law and fact." *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. When the trial court considers a motion to suppress, it acts as the factfinder and is in the best position to resolve factual questions and to evaluate the credibility of witnesses. *Id.* We accept the trial court's findings of fact if they are supported by competent, credible evidence, but we must independently determine whether the facts satisfy the applicable legal standard without deferring to the trial court's legal conclusions. *Id.*

{¶ 15} The Fourth Amendment to the United States Constitution, and Article I, Section 14 of the Ohio Constitution, prohibit "unreasonable searches and seizures." "Unless an exception applies, warrantless searches are per se unreasonable." *State v. Bacher*, 170 Ohio App.3d 457, 2007-Ohio-727, 867 N.E.2d 864, ¶ 8 (1st Dist.). "'Once a warrantless search is established, the burden of persuasion is on the state to show the validity of the search.'" *State v. Smith*, 124 Ohio St.3d 163, 2009-Ohio-6426, 920 N.E.2d 949, ¶ 25, quoting *Xenia v. Wallace*, 37 Ohio St.3d 216, 218, 524 N.E.2d 889 (1988). "[T]he prosecution bears the burden of * * * show[ing] by a preponderance of the evidence that, under the totality of the circumstances, the warrantless search comes

6.

within one of the defined exceptions to the warrant clause of the Fourth Amendment." *State v. Baker*, 87 Ohio App.3d 186, 192, 621 N.E.2d 1347 (6th Dist.1993).

{¶ 16} In this case, the record establishes that appellant was properly stopped after committing a traffic offense. Further, it is clear that Colwell and Glosser searched appellant's vehicle without first obtaining a warrant. Under these facts, the only applicable exception to the warrant clause of the Fourth Amendment is the "automobile exception" enunciated by the United States Supreme Court in *Carroll v. United States*, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925).

{¶ 17} Under the automobile exception, police may conduct a warrantless search of a vehicle if there is probable cause to believe that the vehicle contains contraband, and exigent circumstances (typically satisfied by the mobility of the vehicle) necessitate a search or seizure. *State v. Mills*, 62 Ohio St.3d 357, 367, 582 N.E.2d 972 (1992), citing *Chambers v. Maroney*, 399 U.S. 42, 51, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). "As it relates specifically to an automobile search, probable cause is 'a belief reasonably arising out of circumstances known to the seizing officer, that an automobile or other vehicle contains that which by law is subject to seizure and destruction.'" *State v. Durham*, 2013-Ohio-4764, 999 N.E.2d 1233, ¶ 32 (12th Dist.), quoting *State v. Kessler*, 53 Ohio St.2d 204, 208, 373 N.E.2d 1252 (1978). "Probable cause must be based upon objective facts that would justify the issuance of a warrant by a magistrate." *State v. Jones*, 187 Ohio App.3d 478, 2010-Ohio-1600, 932 N.E.2d 904, ¶ 41 (6th Dist.), citing *State v. Welch*, 18 Ohio St.3d 88, 92, 480 N.E.2d 384 (1985).

7.

**{¶ 18}** Here, the trial court found that Colwell possessed the requisite probable cause to conduct a search of appellant's vehicle, including the trunk. In particular, the trial court stated:

When [Colwell] was at [appellant's] driver's side window and the window was opened, [he] could smell the so called strong odor of raw marijuana. It is at this point that [Colwell] obtained additional probable cause to further detain [appellant] because of the smell of raw marijuana.

* * *

[Colwell's] detection of the odor of raw marijuana allowed for the continued detention of [appellant] for purposes of searching the entire vehicle for the suspected marijuana.

**{¶ 19}** In determining whether probable cause existed under the facts of this case, we are guided (as was the trial court) by our prior decision in *State v. Gonzales*, 6th Dist. Wood No. WD-07-060, 2009-Ohio-168, wherein we examined the issue of probable cause in the context of a search pursuant to the automobile exception premised upon the smell of raw marijuana. Relevant here, we found that an officer who is qualified to recognize the smell of raw marijuana is justified in believing that a vehicle contains a large amount of raw marijuana where the officer, upon approaching the vehicle, detects an overwhelming odor of raw marijuana. *Id.* at ¶ 23. Our conclusion was guided by the Ohio Supreme Court's decision in *State v. Moore*, 90 Ohio St.3d 47, 734 N.E.2d 804, syllabus (2000), which provides that "[t]he smell of marijuana, alone, by a person

8.

qualified to recognize the odor, is sufficient to establish probable cause to conduct a search."

{¶ 20} During his testimony at the suppression hearing, Colwell testified that he was trained in conducting drug stops and had completed numerous drug courses through the Ohio State Highway Patrol. As a trained officer, Colwell was capable of recognizing the odor of marijuana. According to his testimony, Colwell detected a "very strong odor of raw marijuana emitting from the vehicle" when he approached the driver's side. This fact, standing alone, is sufficient to support a warrantless search of appellant's vehicle under the automobile exception. *Id.*

{¶ 21} Although the search of appellant's vehicle was supported by the smell of raw marijuana alone, two additional facts further support the officers' decision to search appellant's vehicle. First, appellant acknowledged that he was in possession of marijuana, a small vial of which he later produced from his coat pocket. Second, Colwell testified that appellant was behaving nervously and "kept looking at the trunk of vehicle" after being informed that the vehicle was going to be searched. Taken in their totality, the facts confronting Colwell at the time he decided to search appellant's vehicle led him to reasonably believe that appellant's vehicle contained raw marijuana.

{¶ 22} In his appellate brief, appellant does not dispute that probable cause to search a vehicle under the automobile exception may be premised merely upon the detection of an odor of raw marijuana by a trained officer. However, appellant argues that the odor of marijuana detected by Colwell was merely sufficient to justify a search of

9.

the vehicle's *passenger* compartment; the odor did not justify the search of the *trunk*. In advancing his argument, appellant contends that the trial court failed to consider the totality of the circumstances in order to determine whether Colwell had any reason to believe that the odor he detected actually came from the trunk as opposed to the passenger compartment. Appellant further argues that the probable cause that was created by the smell of raw marijuana was vitiated once he turned over the vial of marijuana that was in his coat pocket.

{¶ 23} We turn first to appellant's argument that the officers lacked probable cause to search the trunk of the vehicle. The Supreme Court of Ohio, following *Moore*, *supra*, has held that a "trunk and a passenger compartment of an automobile are subject to different standards of probable cause to conduct searches." *State v. Farris*, 109 Ohio St.3d 519, 2006-Ohio-3255, 849 N.E.2d 985, ¶ 51. The court in *Farris* went on to find that the search authorized by *Moore*, *supra*, does not extend beyond the passenger compartment to the trunk of the car. Specifically, the court stated: "The odor of *burnt* marijuana in the passenger compartment of a vehicle does not, standing alone, establish probable cause for a warrantless search of the trunk of the vehicle." (Emphasis added.) *Id.* at ¶ 52.

{¶ 24} Three years after *Farris* was decided, we issued our decision in *Gonzales*. Importantly, the facts in *Gonzales* differed from the facts in *Farris* on one critical point— the odor of marijuana detected by the officer in *Gonzales* was that of raw marijuana rather than the burnt marijuana detected in *Farris*. We examined *Farris* and found that

10.

its holding rested on the common sense notion that "an odor of burning marijuana would not create an inference that burning marijuana was located in a trunk." *Gonzales*, 6th Dist. Wood No. WD-07-060, 2009-Ohio-168, at ¶ 21. By contrast, we found that an overwhelming odor of *raw* marijuana creates probable cause to believe that a large quantity of raw marijuana will be found, and leads an officer to rationally conclude that the raw marijuana would be located in a vehicle's trunk. *Id.* at ¶ 22, citing *United States v. Ashby*, 864 F.2d 690 (10th Cir.1988); and *United States v. Bowman*, 487 F.2d 1229 (10th Cir.1973). Consequently, we distinguished *Farris* and held that "[i]f no large amount of raw marijuana is seen in the passenger compartment, the officer is justified in believing that a large amount of raw marijuana may be found in a container or compartment – including the trunk." *Id.* at ¶ 23.

{¶ 25} Likewise, other courts in this state have concluded that the holding in *Farris* is limited to cases in which the officer detects an odor of burnt marijuana, thereby distinguishing *Farris* from cases involving raw marijuana. In *State v. Lynn*, 12th Dist. Butler Nos. CA2017-08-129, CA2017-08-132, 2018-Ohio-3335, ¶ 20, the Twelfth District followed our reasoning in *Gonzales* and held that a search premised upon the odor of raw marijuana emanating from the passenger compartment justified a search of the vehicle's trunk. Similarly, in *State v. Gartrell*, 2014-Ohio-5203, 24 N.E.3d 680, ¶ 72 (3d Dist.), the Third District found that an officer was justified in searching the trunk of a vehicle where the officer had detected a strong odor of raw, as opposed to burnt, marijuana. In arriving at its decision, the court in *Gartrell* quoted a decision we released

11.

after *Gonzales*, in which we stated: "However, where an officer detects a strong odor of raw marijuana, but no large amount is found within the passenger compartment of the vehicle, the officer has probable cause to search the trunk." *State v. Price*, 2013-Ohio-130, 986 N.E.2d 553, ¶ 16 (6th Dist.).

{¶ 26} In light of the foregoing authority, we hold that a search of a trunk is permissible under the automobile exception where the officer detects a strong odor of raw marijuana emanating from the vehicle. Here, Colwell testified that he detected a very strong odor of raw marijuana, which he could reasonably expect to be found in the trunk of appellant's vehicle after discovering no such contraband in the passenger compartment.

{¶ 27} Next, we consider appellant's argument that the probable cause that was created by the smell of raw marijuana was vitiated once he provided the vial of marijuana to Colwell. A similar argument was raised in the case of *United States v. Deysie*, D.Ariz. No. CR-14-8112-001-PCT-G, 2014 U.S. Dist. LEXIS 108961 (Aug. 7, 2014). In that case, the defendant argued that there was no probable cause to search his vehicle once he gave the officer the marijuana that was in his possession, because there was no basis to believe that there was additional marijuana or contraband in the vehicle. *Id.* at *10. The United States District Court for the District of Arizona rejected the defendant's argument, stating that "an officer searching a car for drugs and paraphernalia need not stop after each discovery and determine again whether there is [probable] cause to continue the search. Similarly, a person stopped by officers cannot preempt a search and remove

12.

probable cause by volunteering some contraband to the officer." *Id.* at *10. The court went on to conclude that the officer "did not have to accept [the defendant's] claim that all of his marijuana was in the bag he handed over." *Id.*

{¶ 28} In his brief, appellant cites extensively to our decision in *State v. Grubbs*, 2017-Ohio-41, 80 N.E.3d 1075 (6th Dist.), as well as *State v. Adams*, 11th Dist. Ashtabula No. 2015-A-0003, 2015-Ohio-5072 to support his contention that the small amount of marijuana he produced prior to the search eliminated the probable cause that existed by virtue of the odor of raw marijuana that was detected by Colwell. Notably, the automobile exception was not at issue in these cases, as they addressed the permissibility of a search of a defendant's person, not a vehicle. Because our analysis in this case rests upon the application of the automobile exception, *Grubbs* and *Adams* are distinguishable from the case at bar.

{¶ 29} Rather than embracing appellant's argument that officers lose probable cause to search a vehicle from which a strong odor of marijuana is emanating upon the occupant's production of a small amount of marijuana, Ohio courts have held that the production of drugs by an occupant of a vehicle independently provides an officer with additional probable cause to believe that the vehicle contains evidence of contraband. *Gartrell* at ¶ 59, citing *State v. Young*, 12th Dist. Warren No. CA2011-06-066, 2012-Ohio-3131, ¶ 33 and *City of Westlake v. Gordon*, 8th Dist. Cuyahoga No. 100295, 2014-Ohio-3031, ¶ 17.

{¶ 30} Upon consideration, we find that the rationale underlying the foregoing decisions is sound. Were we to embrace appellant's argument, an officer detecting the strong odor of marijuana coming from the passenger compartment of a vehicle would be preempted from conducting an otherwise lawful vehicle search under the automobile exception any time an occupant of the vehicle produces a small amount of marijuana prior to the search. Contrary to appellant's argument, we find that appellant's production of a small amount of marijuana provided further reason to believe that the vehicle contained contraband subject to seizure. Therefore, we reject appellant's second argument.

{¶ 31} Because we conclude that Colwell's search of appellant's vehicle was supported by probable cause stemming from the strong odor of raw marijuana emanating from appellant's vehicle, we conclude that the automobile exception applied in this case. Thus, the search of appellant's vehicle was constitutionally permissible and the evidence discovered pursuant to that search was not subject to suppression. The trial court properly denied appellant's motion to suppress.

{¶ 32} Accordingly, appellant's sole assignment of error is not well-taken.

### III. Conclusion

{¶ 33} Based on the foregoing, the judgment of the Wood County Court of Common Pleas is affirmed. Costs are hereby assessed to appellant in accordance with App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                              _____
                                                    JUDGE

Arlene Singer, J.

                                                   _____
Christine E. Mayle, P.J.                               JUDGE
CONCUR.

                                                   _____
                                                      JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.